IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kent Adams, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:24-cv-02603-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bryan P. Stirling, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Kent Adams, proceeding *pro se* and *in forma pauperis*, (ECF No. 9), filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On November 21, 2024, Defendant Bryan Stirling filed a motion for summary judgment. (ECF No. 37). The following day, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the consequences of failing to respond to the motion. (ECF No. 38). Though the Clerk's Office mailed the *Roseboro* order to Plaintiff's last known address, (ECF No. 39), Plaintiff failed to file a response to Defendant's motion.

Thus, on January 13, 2025, the magistrate judge issued another order, noting that, in light of Plaintiff's failure to respond, it appears to the court that he does not oppose Defendant's summary judgment motion and wishes to abandon this action. (ECF No. 42). Still, she gave Plaintiff an additional fourteen (14) days to advise the court as to whether he wishes to continue with this case and to file a response to Defendant's motion for summary judgment. *Id*. She further advised Plaintiff that, if he fails to respond, she will recommend the case be dismissed with

1

prejudice for failure to prosecute. *Id*. at 2. The Clerk's Office mailed this order to Plaintiff's last known address, (ECF No. 43), and the order has not been returned as undeliverable.

When Plaintiff again failed to file a response to the motion, the magistrate judge issued a Report and Recommendation ("Report"), recommending this case be dismissed with prejudice for lack of prosecution. (ECF No. 45). She also recommended that Defendant's pending motion for summary judgment be terminated. *Id*. at 2. The magistrate judge notified Plaintiff of his right to file objections to the Report. *Id*. at 3. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 46), and it was not returned to the court as undeliverable. Thus, he is presumed to have received it. Still, Plaintiff has failed to file objections or take any other action indicating a desire to continue his case, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a

timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 45), which is incorporated herein by reference. Accordingly, this action is **DISMISSED** with prejudice. Defendant's motion for summary judgment, (ECF No. 37), is dismissed as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 11, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.